JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Craig Connolly

**DEFENDANTS**

BigBear AI, LLC
BigBear.ai Holdings, Inc.

**(b)** County of Residence of First Listed Plaintiff  Lehigh County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Fairfax County, VA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Caren N. Gurmankin,, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102, 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
        Plaintiff

☒ 3  Federal Question
        *(U.S. Government Not a Party)*

☐ 2  U.S. Government
        Defendant

☐ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
        Proceeding

☐ 2 Removed from
        State Court

☐ 3 Remanded from
        Appellate Court

☐ 4 Reinstated or
        Reopened

☐ 5 Transferred from
        Another District
        *(specify)*

☐ 6 Multidistrict
        Litigation -
        Transfer

☐ 8 Multidistrict
        Litigation -
        Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §12101, et seq.; 43 P.S. §951, et seq.

Brief description of cause:
Plaintiff was discriminated against because of his disability.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
        UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
11/25/2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Center Valley, PA 18034

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                          Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?          Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?               Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify):*_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):*_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Craig Connolly | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BigBear AI, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.               ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)               ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X )

| | | |
|---|---|---|
| 11/25/2025 | *[signature]* | Plaintiff, Craig Connolly |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

_____   :
                                  :
**CRAIG CONNOLLY**                :
**Center Valley, PA 18034**       :       CIVIL ACTION NO.
                                  :
                      **Plaintiff,** :
                                  :
          **v.**                  :
                                  :
**BIGBEAR AI LLC**                :
**7950 Jones Branch Drive**       :
**McLean, VA 22102**              :
                                  :
**and**                           :
                                  :
**BigBear.ai Holdings, Inc.**     :
**7950 Jones Branch Drive**       :
**McLean, VA 22012**              :
                                  :       **JURY TRIAL DEMANDED**
                                  :
                    **Defendants.** :
_____   :

## COMPLAINT

## I.    INTRODUCTION

Plaintiff, Craig Connolly, brings this action against his former employers, BigBear

AI, LLC and BigBear.ai Holdings, Inc. (together "Defendants").  Defendants terminated

Plaintiff shortly after he was diagnosed with stage 4 lung cancer and while he was

undergoing chemotherapy treatments in connection with the same.  Defendants'

discriminatory and retaliatory conduct towards Plaintiff violated the Americans with

Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA") and the Pennsylvania

Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

II.    **PARTIES**

1.      Plaintiff, Craig Connolly, is an individual and a citizen of the Commonwealth of Pennsylvania.  He resides in Center Valley, PA 18034.

2.      At the time of his termination, Plaintiff worked out of his home in Center Valley, PA 18034.

3.      Defendant, BigBear AI LLC, is a Delaware corporation with a principal place of business at 7950 Jones Branch Drive, McLean, VA 22102.

4.      Defendant, BigBear.ai Holdings, Inc., is a Delaware corporation with a principal place of business at 7950 Jones Branch Drive, McLean, VA 22102.

5.      Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

6.      At all times material hereto, Defendants employed more than fifteen (15) employees.

7.      At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

8.      At all times material hereto, Defendants acted as employers within the meaning of the statutes which form the basis of this matter.

9.      At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

III.    **JURISDICTION AND VENUE**

10.     The causes of action which form the basis of this matter arise under the ADA and the PHRA.

11.     The District Court has jurisdiction over Count I (ADA) pursuant to 42 U.S.C. §12117(a) and 28 U.S.C. §1331.

12.     The District Court has jurisdiction over all counts pursuant to 28 U.S.C. §1332 since the amount in controversy in the present action exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interests and costs, and there exists complete diversity of citizenship, as Plaintiff is a citizen of the Commonwealth of Pennsylvania, and Defendants are not citizens of the Commonwealth of Pennsylvania.

13.     The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. § 1367.

14.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

15.     On or about May 28, 2024, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination alleged herein.  This Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC").  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the PHRC Complaint of Discrimination (with personal identifying information redacted).

16.     On or about September 8, 2025, the EEOC issued to Plaintiff a Dismissal and Notice of Rights for his PHRC Complaint.  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

17.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    **FACTUAL ALLEGATIONS**

18.    Plaintiff started working at an entity called ProModel Corporation in or about June 2014.

19.    In or around April 2022, Defendants acquired ProModel Corporation.  At that time, Plaintiff became an employee of Defendants.

20.    As of the time of Plaintiff's termination, he held the position of Sales Development Representative.

21.    As of the time of Plaintiff's termination, he reported to Elizabeth Transier, Vice President, Supply Chain.  Transier reported to Gregory Goldwater, Chief Growth Officer.  Goldwater reported to Mandy Long, Chief Executive Officer.

22.    Prior to reporting to Transier starting in or about late February 2024, Plaintiff reported directly to Michael Rice, Commercial Business Development Director.

23.    On or about November 11, 2023, Plaintiff was admitted to the hospital because of excessive fluid in the space around his heart, known as pericardial effusion.

24.    Defendants admitted in their Answer to Plaintiff's PHRC Complaint that, on November 12, 2023, [Plaintiff] informed Rice that he was admitted to the hospital due to 'Chest pain and shortness of breaths Friday afternoon and night' and that 'they found fluid around my heart in which they have drained and keeping measurements on until [he] can [get] discharged.'"

25.    Defendants also admitted that Plaintiff informed Rice that he would remain in the hospital, at least until the following day.

4

26.     According to Defendants' Answer to Plaintiff's PHRC Complaint, on or about November 14, 2023, Rice "informed Brandy Jones, Vice President of Human Resources, that [Plaintiff] was hospitalized and undergoing testing and procedures."

27.     According to Defendants' Answer to Plaintiff's PHRC Complaint, "Jones immediately contacted Tiffany Lenetsky, Benefits Analyst, who is responsible for administering Short Term Disability (STD) Leave for the [Plaintiff]".

28.     On or about November 14, 2023, Plaintiff also informed Amy Reitenga, Human Resources Generalist, of his hospitalization.

29.     Reitenga instructed Plaintiff to contact Lenetsky, which Plaintiff did.

30.     Plaintiff was out of work on medical leave from November 13, 2023 through on or about November 16, 2023 when he was discharged from the hospital.

31.     On or about November 21, 2023, Plaintiff was diagnosed with stage 4 lung cancer.

32.     On or about November 21, 2023 and November 22, 2023, Plaintiff informed Defendant, including Rice and Lenetsky, about his diagnosis.

33.     From late November through December, Plaintiff missed work for medical appointments and treatments.

34.     Plaintiff kept Defendant, including Rice, informed about his medical status, including when he was out of work for medical appointments.

35.     In or about late December 2023, Plaintiff informed Defendant, including Rice, that he needed to undergo chemotherapy to treat the lung cancer which with he had been diagnosed.

36.     Plaintiff started his chemotherapy treatments on or about January 2, 2024.

37.     Plaintiff continued working through his chemotherapy treatments.  As Defendants admitted in their Answer to Plaintiff's PHRC complaint, he "voluntarily took his work computer with him to chemotherapy sessions."

38.     In around February 2024, Plaintiff told Rice that he was getting ready to start his fourth round of chemotherapy.

39.     Shortly thereafter, in around late February 2024, Rice informed Plaintiff that he, and the other sales employees who reported directly to Rice, would be reporting to Transier.

40.     Shortly after Rice told Plaintiff that he would start reporting directly to Transier, Plaintiff informed her of his diagnosis and upcoming medical appointments, for which he would need to be out of work, in connection with the same.

41.     On or about March 1, 2024, Defendants terminated Plaintiff's employment, effective immediately.

42.     Plaintiff was told that he was terminated because his position was no longer needed.

43.     To Plaintiff's information and belief, he was the only one of Transier's direct reports who was terminated at that time.

44.     Defendants failed to provide a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

45.     On or about May 20, 2024, Plaintiff applied for two (2) posted Business Development Manager positions at Defendants.

46.     Plaintiff was qualified for the Business Development positions to which he applied.

47.     On May 28, 2024, Plaintiff sent Defendants a courtesy copy of his PHRC Complaint, via email to Jones.

48.     Other than Defendants acknowledging Plaintiff's applications for the posted Business Development Manager positions, they did not respond to the same.

49.     Defendants did not offer Plaintiff an interview for the Business Development Manager positions.

50.     Defendants did not discuss with Plaintiff his applications for the positions of Business Development Manager.

51.     Defendants did not let Plaintiff know whether he was considered for the positions of Business Development Manager.

52.     Defendants did not select Plaintiff for either of the Business Development Manager positions to which he applied.

53.     Defendants failed to provide a legitimate, non-discriminatory reason for failing to hire Plaintiff into one of the Business Development Manager positions to which he applied.

54.     At all material times hereto, Plaintiff was disabled, and/or had a record of a disability, and/or was regarded as being disabled, within the meaning of the ADA and the PHRA.

55.     Plaintiff's disability, including his record of disability and Defendants' regarding him as having a disability, was a motivating and determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including terminating Plaintiff's employment and failing to select Plaintiff for an open position, including the Business Development Manager positions to which he applied.

56.     Plaintiff's protected activity was a motivating and determinative factor in connection with Defendants' retaliatory treatment of Plaintiff, including terminating Plaintiff's employment and failing to select Plaintiff for an open position, including the Business Development Manager positions to which he applied.

57.     Defendants failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

58.     The retaliatory actions taken against Plaintiff after he engaged in protected activity would have discouraged a reasonable employee from complaining of discrimination.

59.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## <u>COUNT I - ADA</u>

60.     Plaintiff incorporates herein by reference paragraphs 1 through 59 above, as if set forth herein in their entirety.

61.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the ADA.

62.     Defendants acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and their conduct warrants the imposition of punitive damages.

63.     As a direct and proximate result of Defendants' violations of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

64.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

65.     No previous application has been made for the relief requested herein.

## COUNT II - PHRA

66.     Plaintiff incorporates herein by reference paragraphs 1 through 65 above, as if set forth herein in their entirety.

67.     Defendants, by the above improper, discriminatory, and retaliatory acts, have violated the PHRA.

68.     Said violations were intentional and willful.

69.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

70.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

71.     No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of the ADA;

(b)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)     enjoining and permanently restraining the violations alleged herein;

(d)     entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(e)     awarding punitive damages to Plaintiff under the ADA;

(f)     awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(g)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(h)     awarding Plaintiff such other damages as are appropriate under the ADA and the PHRA;

(i)    awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

(j)    granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.


**CONSOLE MATTIACCI LAW**

Dated:  <u>11/25/2025</u>      BY:  

Caren N. Garmankin, Esq.
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676

Attorney for Plaintiff,
Craig Connolly

# Exhibit "1"

**Received**

MAY 2 8 2024

PA Human Relations Commission Philadelphia

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

|  |  |  |
|---|---|---|
| COMPLAINANT: | : | |
| **CRAIG CONNOLLY** | : | Docket No.  20231734 2 |
| v. | : | |
| RESPONDENTS: | : | |
| **BIGBEAR AI LLC** | : | |
| and | : | |
| **BIGBEAR.AI** | : | |
| and | : | |
| **PROMODEL CORPORATION** | : | |

1.  The Complainant herein is:

    Name:   Craig Connolly

    Address:   redacted

    Center Valley, PA 18034

2.  The Respondents herein are:

    Name:   BigBear AI LLC; BigBear.ai; ProModel Corporation

    Address:   6811 Benjamin Franklin Drive
    Columbia, MD 21046.

3.  I, Craig Connolly, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my disability (including history of and regarded as) and retaliation for

seeking reasonable accommodations for my disability, as set forth below.

**Discrimination and Retaliation**

A. I specifically allege:

[1]     In June 2014, I began working at a company that was later acquired by Respondents.

[2]     I consistently performed my job duties in a highly competent manner.

[3]     I worked from my home office in Pennsylvania.

[4]     I last held the position of Sales Development Representative.

[5]     I last reported to Elizabeth Trainser, Vice President, Supply Chain. Trainser reported to Gregory Goldwater, Chief Growth Officer. Goldwater reported to Mandy Long, Chief Executive Officer.

[6]     Before reporting to Trainser, I reported to Michael Rice, Commercial Business Development Director.

[7]     On November 11, 2023, I was admitted to the hospital with pericardial effusion. I underwent numerous tests.

[8]     On November 13, 2023, in an email to Rice, I stated that I was admitted to hospital over the weekend, that a drain was being put into my heart to drain excess fluid, and that I would be in hospital for a few days.

[9]     On November 13, 2023, following the above, in an email from Rice to Brandy Jones, Vice President of Human Resources, he stated that I had been admitted to hospital.

[10]    On or about November 14, 2023, I contacted Amy Reitenga, Human Resources Generalist, and stated that I had been admitted to the hospital. She instructed me to contact Tiffany Lenetsky, Benefits Analyst, which I did.

[11]    On November 16, 2023, I was discharged from the hospital.

[12]    From November 13 to 16, 2023, I was out of work on a medical leave of absence.

[13]    On November 21, 2023, I was diagnosed with stage four (4) lung cancer.

[14]    On November 22, 2023, in text messages to Rice and Kyle Kester, Principal Business Development, I informed them that I was diagnosed with stage four (4) lung cancer.

[15]    Employees were aware that I had been diagnosed with stage four (4) lung cancer.

[16]    I missed certain days and portions of days for medical appointments and treatments, and kept Rice informed of my medical status.

[17]    In or about late December 2023, I informed Rice that I needed to undergo chemotherapy treatment for my stage four (4) lung cancer.

[18]    On January 2, 2024, I began chemotherapy treatments for my stage four (4) lung cancer.

[19]    In or about February 2024, I informed Rice that I was preparing for round four (4) of my cancer treatments.

[20]    In or about the end of February 2024, Rice told me that I would begin reporting to Trainser.

[21]    In or about the end of February 2024, following the above, in an email to Trainser, I informed her of my upcoming doctor's appointments for my cancer diagnosis.

[22]    I received no response to my above email.

[23]    On March 1, 2024, in a meeting with Jones and Long, Respondents terminated my employment, effective immediately. The stated reason was that my position was no longer needed. I stated that I was preparing for round four (4) of my cancer treatments.

[24]    I received no explanation, including the selection criteria, as to why I was terminated and nondisabled employees and employees who had not sought reasonable accommodations for a disability were retained.

[25]    Respondents terminated my employment because of my disability and/or my seeking reasonable accommodations for my disability, including my medical leave of absence for my disability.

[26]    Respondents failed to select me for or transfer me to any open or soon to be open position for which I was qualified because of my disability and/or my seeking reasonable accommodations for my disability, including my medical leave of absence for my disability.

[27]    Before I disclosed my disability, I had received no indication that my job was in jeopardy.

[28]    After more than nine and a half (9.5) years of service, I was terminated within four (4) months of notifying Respondents that I had been diagnosed with stage four (4) lung cancer.

[29]    I was the only employee directly reporting to Trainser who was terminated effective March 1, 2024.

[30]    At the time of my termination, the following employees, in addition to me, were reporting to Trainser.

    a)  Kyle Kester, Principal Business Development;

b) Tamar Blackridge, Business Analyst Account Executive;

c) Jamie Tracey, Renewal and Channel Sales Administrator.

[31]    On May 20, 2024, I applied for two (2) posted Business Development Manager position.  I was qualified for each position.

[32]    Other than a standard acknowledgement email, I have not received any response to my above applications for the posted Business Development Manager positions.

[33]    Respondents failed to select me for either of the Business Development Manager positions because of my disability and/or my seeking reasonable accommodations for my disability, including my medical leave of absence for my disability.

[34]    I was the only disabled[1] employee directly reporting to Trainser.

[35]    I was the only employee directly reporting to Trainser who had requested a reasonable accommodation for a disability, including a medical leave of absence for a disability.[2]

[36]    I had no performance or disciplinary issues throughout my employment.

[37]    I was provided with no opportunity to remain employed with Respondents.

[38]    Respondents assigned my job duties to nondisabled employees and/or employees who had not sought reasonable accommodations for a disability, including a medical leave of absence. I was more qualified to perform my job duties than the nondisabled employees who did not request reasonable accommodations for a disability, including a medical leave of absence to whom Respondents assigned my job duties.

---

[1] References herein to an employee not having a disability are to the best of my knowledge.
[2] References herein to an employee not having requested a reasonable accommodation for a disability or taken a medical leave of absence for a disability are to the best of my knowledge.

[39]    Respondents' disability discriminatory and retaliatory conduct toward me has caused me emotional distress.

**B.**  Respondents have discriminated against me because of my disability (including history of and regarded as) and retaliated against me for seeking reasonable accommodations for my disability, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

**X**    **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):** __(a); (d)__

_____    Section 5.1 Subsection(s) _____

_____    Section 5.2 Subsection(s) _____

_____    Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.    Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

**X**    **This charge will be referred to the EEOC for the purpose of dual filing.**

6.    The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

(c) Remedy the discriminatory and retaliatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

5/24/2024
(Date Signed)

(Signature)    Craig Connolly
redacted
Center Valley, PA 18034

# Exhibit "2"

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Craig Connolly
redacted
Center Valley, PA 18034

**Re:** Craig Connolly v. BigBear AI LLC; BigBear.ai; ProModel Corporation
EEOC Charge Number: 17F-2024-60765

EEOC Representative and email:    State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

## DETERMINATION OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge. The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) received this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough  9/8/2025

Karen McDonough
Deputy District Director

cc:    For Respondent                          For Charging Party
Jason S. Kaner                          Emily R Derstine Friesen
Jackson Lewis, P.C.                     Console Mattiacci Law, LLC
1601 Cherry Street                      1525 Locust Street, 9th Floor
Suite 1350                              Philadelphia, PA 19102
Philadelphia, PA 19102